UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMEISHA DORSEY, | ) | Case No. 1:05CV1760 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REGINALD WILKINSON, | ) | |
| Director, et al., | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| Defendants. | ) | Magistrate Judge McHargh |
| | ) | |

Plaintiff Thomeisha Dorsey ("Dorsey") filed a two-count complaint against Reginald Wilkinson ("Wilkinson"), Director of the Ohio Department of Rehabilitation and Correction, and John Doe ("Doe"), an unidentified corrections officer.  The complaint alleges that Dorsey was raped by Officer Doe while she was incarcerated at the Ohio Reformatory for Women in Marysville, Ohio.  (Doc. 1, compl., at ¶¶ 3-4.)

The first count, under 42 U.S.C. § 1983, contains claims against defendant Doe only, and alleges that Doe violated Dorsey's right, under the Eighth and Fourteenth Amendments to the U.S. Constitution, to be free from

cruel and unusual punishment.  Id. at ¶ 9.  The conduct also allegedly violated

Doe's rights under Article I, Sections Two and Nine of the Ohio Constitution.

Id. at ¶ 10.

The second count contains state law claims against defendant Wilkinson

only, in his official capacity.  Id. at ¶¶ 5, 14.  Wilkinson is allegedly liable under

the Ohio law of respondeat superior, and Ohio law barring negligent hiring and

supervision.  Id. at ¶¶ 15-17.  This court's jurisdiction over the state law claims

is asserted under the doctrine of supplemental jurisdiction.  Id. at ¶ 15.

Wilkinson has filed a motion for judgment on the pleadings.  (Doc. 12.)

In response, Dorsey has filed a motion for leave to file an amended

complaint (doc. 17).  She would like an additional 120 days from the filing of the

amended complaint to perfect service on Andrews, as well as the John Doe

defendant, once identified.  Id. at 4.  Also, Dorsey requested an additional thirty

days[1] to respond to the motion for judgment on the pleadings.  (Doc. 18.)

Wilkinson opposes the motion to amend (doc. 20), and has filed a reply

brief in support of his motion for judgment (doc. 19).  Dorsey has filed a

response to the opposition to amend.  (Doc. 21.)

---

[1]Dorsey had already been granted one thirty-day delay in responding to the motion.  (Doc. 16.)  Dorsey did file a response (doc. 21) on May 18, so this request is moot.

## I.  MOTION FOR JUDGMENT ON THE PLEADINGS

In ruling on a motion for judgment on the pleadings under Rule 12(c), the court considers all factual allegations of the complaint as true.  <u>McKamey v. Roach</u>, 55 F.3d 1236, 1237 (6th Cir. 1995); <u>United States v. Moriarty</u>, 8 F.3d 329, 332 (6th Cir. 1993); <u>Stychno v. Ohio Edison Co.</u>, 806 F.Supp. 663, 666 (N.D. Ohio 1992).  The motion will be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." <u>Paskvan v. City of Cleveland Civil Service Comm'n</u>, 946 F.2d 1233, 1235 (6th Cir. 1991); <u>Carney v. Experian Info. Solutions, Inc.</u>, 57 F.Supp.2d 496, 499-500 (W.D. Tenn. 1999); <u>Stychno</u>, 806 F.Supp. at 666.  The court's inquiry is limited to whether the complaint sets forth "allegations sufficient to make out the elements of a right to relief."  <u>Carney</u>, 57 F.Supp.2d at 500.

Wilkinson's motion contends that Dorsey's complaint against him has failed to state a claim on which relief can be granted.  (Doc. 12.)  Where a Rule 12(c) motion raises what is essentially a Rule 12(b)(6) defense by challenging the legal basis of the complaint, the analytical framework for the motion for judgment on the pleadings mirrors that used under Rule 12(b)(6).  <u>Amersbach v. City of Cleveland</u>, 598 F.2d 1033, 1038 (6th Cir. 1979); <u>Carney</u>, 57 F.Supp.2d at 500; <u>Grubb v. Ryan Int'l Airlines, Inc.</u>, No. C3-92-499, 1996 WL 1671235, at *6 (S.D. Ohio Mar. 18, 1996); <u>Stychno</u>, 806 F.Supp. at 666.

To be successful, a motion to dismiss for failure to state a claim upon which relief can be granted must establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Wright v. Metrohealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir. 1995), cert. denied, 516 U.S. 1158 (1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural, and tests the sufficiency of the complaint. Miller, 50 F.3d at 377.

Under either Rule 12(c) or Rule 12(b)(6), the motion should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Carney, 57 F.Supp.2d at 500 (quoting Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).

## A.  SECTION 1983 CLAIM

To prove a claim under 42 U.S.C. § 1983, the plaintiff must identify a right secured by the Constitution or laws of the United States, and the deprivation of that right by a person acting under color of state law. Pahls v. Kesselring, 230 F.3d 1359, 2000 WL 1290364, at *2 (6th Cir. 2000) (TABLE, text in WESTLAW); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994). Generally, the threshold question would be whether the defendants deprived

4

the plaintiff of a right secured by the Constitution or laws of the United States.
Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998).

The allegations of the Section 1983 claim are that Doe's unconsented contact with Dorsey "evince[d] deliberate indifference toward [her] right to be free from cruel and unusual punishment," in violation of her Eighth and Fourteenth Amendment rights.  (Compl., at ¶¶ 8-10.)  The first count, the Section 1983 claim, does not contain any explicit allegations of wrongdoing by Wilkinson.[2]

In his motion, Wilkinson argues that he "cannot be held vicariously liable in this action for a violation of constitutional rights alleged to have been committed by Defendant John Doe."  (Doc. 12, at 4.)  He contends that, to the extent that the allegations present a constitutional claim against him under 42 U.S.C. § 1983, liability cannot be imposed on him vicariously.  Id.

Wilkinson is correct that respondeat superior is not available as a theory of recovery under Section 1983.  Monell v. Department of Social Serv. of the City of New York, 436 U.S. 658, 691 (1978); McQueen v. Beecher Community Schools, 433 F.3d 460, 470 (6th Cir. 2006); Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003).  Supervisor liability is only appropriate where the supervisor "encouraged the specific incident of misconduct or in some other way

_____

[2]As mentioned earlier, the specific allegations against Wilkinson are contained in the second count, which consists of state law claims based on the Ohio law of respondeat superior, and Ohio law barring negligent hiring and supervision. (Compl., at ¶¶ 15-17.)

5

directly participated in it," or at least implicitly authorized or knowingly acquiesced in the unconstitutional conduct of the offender.  <u>McQueen</u>, 433 F.3d at 470; <u>Leary</u>, 349 F.3d at 903.  Moreover, in enacting Section 1983, "Congress did not intend municipalities [or other government bodies] to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."  <u>Monell</u>, 436 U.S. at 691.

Dorsey responds that an inmate who has been assaulted may bring an action against the offender as well as a supervisor "who acted with deliberate indifference by failing to adopt reasonable policies to protect the injured inmate."  (Doc. 21, at 1.)  Dorsey cites several Sixth Circuit cases in support of her contention.  <u>Id.</u> (citing cases).  These cases will be discussed below.

The U.S. Supreme Court, in <u>Farmer v. Brennan</u>, set forth the relevant analysis for a claim of deliberate indifference arising out of an inmate's rape. The Court pointed out that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 828 (1994).  The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of inmates."  <u>Id.</u> at 832 (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-527 (1984)).

In this context, a prison official will be found to have violated the Eighth Amendment only when two requirements are met:

6

First, the deprivation alleged must be, objectively, "sufficiently serious,";  a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.

The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind."  In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety.

Farmer, 511 U.S. at 834 (internal citations omitted).

The Court in Farmer clarified the element of  "deliberate indifference," which had been applied inconsistently by the courts of appeal.  Id. at 832.  The Court declined to adopt an objective test, and held that:

. . . a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety;  the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.  The Court stated that "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."  Id. at 842.

Prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause:

. . . prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the  risk, even if the harm ultimately was

7

> not averted.  A prison official's duty under the Eighth Amendment
> is to ensure "reasonable safety."

Id. at 844.

As discussed earlier, Wilkinson's motion is procedural, and tests the

sufficiency of the complaint.  Miller, 50 F.3d at 377.  The question is whether

the complaint sets forth "allegations sufficient to make out the elements of a

right to relief."  Carney, 57 F.Supp.2d at 500.  The allegations against

Wilkinson  in the complaint are that he "violated his duty of care in regard to its

hiring, oversight and/or retaining of Defendant John Doe."  (Compl., at ¶¶ 16-

17.)

Strictly speaking, the complaint does not allege a Section 1983 cause of

action against Wilkinson.  (Compl., at ¶¶ 15-17.)  Even reading the complaint

broadly to find Section 1983 allegations against Wilkinson, those allegations are

insufficient to state a claim under the Cruel and Unusual Punishments Clause.

See generally Farmer, 511 U.S. at 847.

Moreover, a supervisor's failure to control or train the offender is not

actionable under Section 1983 unless the supervisor

> . . . either encouraged the specific incident of misconduct or in some
> other way directly participated in it.  At a minimum a plaintiff
> must show that the official at least implicitly authorized, approved,
> or knowingly acquiesced in the unconstitutional conduct of the
> offending officers.

Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264

(2000) (quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir.), cert.

denied, 459 U.S. 833 (1982)).  See also McQueen, 433 F.3d at 470; Leary, 349

F.3d at 903. Dorsey makes no such allegations.

The complaint fails to set forth "allegations sufficient to make out the

elements of a right to relief."  Carney, 57 F.Supp.2d at 500.  The motion for

judgment on the pleadings is granted as to a Section 1983 claim against

Wilkinson.

### 1.  Cases Cited by Dorsey

The cases cited by Dorsey do not compel a different result.  See doc. 21, at

1.  First of all, the procedural posture is different; none of them involve a motion

for judgment on the pleadings.  The factual circumstances are also

distinguishable.

In Doe v. Sullivan County, Tenn., 956 F.2d 545 (6th Cir.), cert. denied,

506 U.S. 864 (1992), the court reviewed (and affirmed) a directed verdict in

favor of certain defendants.  The court pointed out that a violation of the Eighth

Amendment required a determination that the defendants' conduct amounted to

a "deliberate indifference" to a risk of injury to the plaintiff.  Doe, 956 F.2d at

550.  In Doe, the "plaintiff had failed to produce any evidence showing a causal

relationship between his injuries and the alleged overcrowding, insufficient

lighting, or inadequate surveillance."  Id.  The case was not based on an alleged

failure to control or train the officers.

In Taylor v. Michigan Dept. of Corr., 69 F.3d 76 (6th Cir. 1995), the court

reversed a grant of summary judgment to the defendant-warden.  In Taylor,

> The heart of plaintiff's Eighth Amendment claim [was] that Warden Foltz knew about the risk of sexual assault in the camp program to small, vulnerable-looking prisoners such as plaintiff and neither had a policy to identify and screen out those potential transferees who would not be safe in the camp nor created guidelines for prison staff to follow when screening inmates for transfer.

Taylor, 69 F.3d at 77.

The Taylor court found that the warden was "not merely a supervisor, but is the official directly responsible both for transfers and for adopting reasonable transfer procedures." Id. at 81. In other words, the court found direct participation related to the wrongful conduct.[3] See Gregory v. City of Louisville, 444 F.3d 725, 752 (6th Cir. 2006) (discussing Taylor); Shehee, 199 F.3d at 300. In addition, the court found that "a reasonable jury could have concluded that Foltz knew that the risk of sexual assault was inherently greater at the camp." Taylor, 69 F.3d at 84. Thus, summary judgment was improper. Again, the case was not based on an alleged failure to control or train others, but rather on the warden's personal responsibilities.

In Doe v. Bowles, 254 F.3d 617 (6th Cir. 2001), the court of appeals reversed in part a denial of qualified immunity to certain corrections officers. The district court had entered judgment for the warden, which was later

---

[3]The court found that "there are disputed questions of material fact concerning whether Warden Foltz had any procedures in place to review transfer orders to insure that his authority over transfers was not being abused and to insure that inmates' files were being properly examined before transfer." Taylor, 69 F.3d at 84.

reversed (see next case).  <u>Bowles</u>, 254 F.3d at 619.  The case was not based on an alleged failure to control or train the officers.

<u>Greene v. Bowles</u>, 361 F.3d 290 (6th Cir. 2004), was a further proceeding, following a jury trial, in the above case (<u>Doe v. Bowles</u>).  <u>Greene</u>, 361 F.3d at 293.  In <u>Greene</u>, the court of appeals reversed the pre-trial grant of summary judgment to the defendant-warden.  The appellate court found that the plaintiff had raised an issue of fact as to the warden's knowledge of a risk to her safety. <u>Id.</u> at 295.  Thus, summary judgment was improper.  Again, the case was not based on an alleged failure to control or train the officers, but rather on the warden's personal knowledge.

In summary, a supervisor's failure to supervise, control or train is not actionable under Section 1983 unless the supervisor either encouraged the misconduct or in some way directly participated in it.  At a minimum, Dorsey must allege that Wilkinson implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.  <u>See</u> <u>McQueen</u>, 433 F.3d at 470; <u>Shehee</u>, 199 F.3d at 300.  The complaint makes no such allegations against Wilkinson.  Thus, the complaint fails to set forth "allegations sufficient to make out the elements of a right to relief" on this claim.  <u>Carney</u>, 57 F.Supp.2d at 500.

## B.  MONELL

In addition, the complaint alleges that Wilkinson is being sued in his official capacity, namely, as Director of the Ohio Department of Rehabilitation and Correction.  (Doc. 1, at ¶¶ 5, 14.)   A Section 1983 suit against an official in his official capacity is essentially a suit directly against the government unit. Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989), cert. denied, 495 U.S. 932 (1990).

A government entity can only be sued where the action that is alleged to be unconstitutional was taken pursuant to official policy of some nature. Monell, 436 U.S. at 691.  An official policy "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  Id. at 690.  Thus, before the department can be held liable under Section 1983, the plaintiff must show that her injuries were the result of some "policy or custom" attributable to the department.  Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995); Leach, 891 F.2d at 1245 (quoting Monell, 436 U.S. at 690).  Under Monell, the department would be liable only where its policies are the "moving force" behind the constitutional violation.  City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Monell, 436 U.S. at 694).  Dorsey does not allege that her sexual assault was undertaken pursuant to official policy of the department, nor does she allege that her injuries were the result of some "policy or custom" attributable to the department.

12

Once more, the complaint fails to set forth "allegations sufficient to make out the elements of a right to relief." <u>Carney</u>, 57 F.Supp.2d at 500.  On the basis of <u>Monell</u> as well, Wilkinson's motion for judgment on the pleadings is granted.

### C.  STATE LAW CLAIM

The second count of the complaint, negligent hiring and supervision, is a state law claim, before this court under its supplemental jurisdiction.  If the federal claims are all resolved before trial, the state claims should be dismissed without prejudice for lack of jurisdiction.  <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).  The Supreme Court has stated that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."  <u>Id.</u>  <u>See also</u> <u>Musson Theatrical, Inc. v. Federal Exp. Corp.</u>, 89 F.3d 1244, 1254-55 (6th Cir. 1996), <u>amended by</u>, 1998 WL 117980 (6th Cir. 1998) (citing cases).

Where a district court grants judgment on a plaintiff's only federal law claim, it should go on to consider whether it is appropriate to dismiss the state law claim without prejudice.  <u>Simpkins v. Specialty Envelope, Inc.</u>, 94 F.3d 645, 1996 WL 452858, at *3 (6th Cir. 1996) (TABLE, text in WESTLAW).  The balance of factors will usually point to dismissing the state law claims, or remanding them to state court if the action was removed.  <u>Musson</u>, 89 F.3d at

1254-55.  A district court exercising its supplemental jurisdiction contrary to the general rule in favor of dismissing without prejudice must provide the reasons for doing so.  Simpkins, 1996 WL 452858, at * 4.  See generally Musson, 89 F.3d at 1255 (citing Taylor v. First of America Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992)) (after dismissal  for failure to state claim, strong presumption in favor of dismissing supplemental claims).

Where no unusual circumstances are present, a district court may abuse its discretion by retaining jurisdiction over the state law claims.  Musson, 89 F.3d at 1255.  Here, for example, no "voluminous discovery" has taken place.  See, e.g., Taylor, 973 F.2d at 1288 (court retained jurisdiction where parties had compiled voluminous record).  In fact, beyond the initial disclosures, discovery has been stayed.  (Doc. 15.)  Thus far, the court has conducted its proceedings based on written motions, which could easily be submitted to a state court judge for his decision.  See Musson, 89 F.3d at 1256.

The second count is dismissed without prejudice for lack of jurisdiction.  Gibbs, 383 U.S. at 726; Fotos v. Internet Commerce Exp., Inc., 154 F.Supp.2d 212, 217 (D. N.H. 2001).


## II.  MOTION TO AMEND THE COMPLAINT

Dorsey moves for leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a) and (c).  Dorsey asserts that "additional research" has revealed that "the more proper party Defendant in this action would be Patricia Andrews

14

['Andrews'], Warden for the Ohio Reformatory for Women," instead of Wilkinson.  (Doc. 17.)

The Federal Rules of Civil Procedure allow a party to amend a pleading "at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a).  Here, Wilkinson has filed an answer (doc. 4), and thus the Rules allow amendment "only by leave of court or by written consent of the adverse party."  Id.  Because Wilkinson has not consented, the amendment can only be permitted by leave of court.

Wilkinson essentially argues that the amendment would be futile.  (Doc. 20, at 1.)  Dorsey responds that Sixth Circuit case law allows a cause of action "to proceed against the offending individual as well as against 'supervisory personnel' for their actions and/or policies, or lack thereof, which contributed to the Plaintiffs' injuries."  (Doc. 21, at 1.)

<u>A.  Amendments under Rule 15(a)</u>

The Rules state that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); <u>Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.</u>, 288 F.3d 895, 906 (6th Cir. 2002) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  However, the requirement of judicial approval suggests that leave to amend is not granted automatically.  <u>Roskam Baking</u>, 288 F.3d at 906 (district court must determine whether "justice so requires"); <u>Hargrove v. City of Saginaw</u>, 782 F.2d 1042, 1985 WL 14109, at *1 (6th Cir. 1985) (TABLE, text in WESTLAW).

15

The Sixth Circuit has stated that leave to amend must be granted unless there is a showing of undue delay, bad faith or dilatory motives by the movant, undue prejudice to the opposing party, or futility of the amendment.  Roskam Baking, 288 F.3d at 906 (citing Foman, 371 U.S. at 182).

Wilkinson contends that the amendment will be futile, because "the same jurisdictional arguments would also apply to the proposed substitution of defendants."  (Doc. 20, at 1.)  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (citing Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div., 987 F.2d 376, 382-83 (6th Cir. 1993)).

Dorsey's motion for leave to amend states:

> In her amended complaint, Thomeisha Dorsey seeks only to change the named party defendant responsible for hiring, retention, training, policymaking and oversight of the prison guard who was responsible for raping Plaintiff.

(Doc. 17, at 4.)

This is inaccurate.  Reference to the proposed amended complaint shows that Dorsey does not merely intend to substitute Andrews for Wilkinson; rather, she would substantially change the cause of action for the second count. Whereas in the original complaint, the second count was based on state law claims of respondeat superior, and negligent hiring and supervision, in the proposed amended complaint, the second count is based entirely on new

16

allegations supporting a Section 1983 action.  <u>See</u> doc. 17, "first amended complaint," at ¶¶ 13-15.  For example, it alleges that Andrews "knew of the longstanding problem between female inmates and male guards and that her failure to institute proper policies and procedures regarding same posed a substantial risk of serious harm to plaintiff and other inmates."  <u>Id.</u> at ¶ 13.  This allegation appears nowhere in the original complaint.

Thus, the court cannot find that the same jurisdictional arguments would necessarily apply to the proposed amended complaint.  Without conclusively deciding the issues on the merits, the motion to amend will not be denied on the grounds of futility.   Wilkinson does not argue the existence of undue delay, bad faith or dilatory motives, or undue prejudice.

Although her motion for leave mischaracterizes the amendments she seeks, the court finds that leave to amend would be proper under Rule 15(a).  However, Dorsey must also satisfy the concerns outlined in Rule 15(c).

### B.  Relation back under Rule 15(c)

Rule 15(a) provides that a party can amend the complaint to add or substitute parties.  "Rule 15(c), however, sets forth requirements that determine whether an amendment adding an entirely new defendant will relate back to the original date of the filing of the complaint for purposes of the governing statute of limitations."  <u>Alston v. Parker</u>, 363 F.3d 229, 236 (3d Cir. 2004).

The statute of limitations for Section 1983 actions arising in Ohio is two years.  <u>Banks v. City of Whitehall</u>, 344 F.3d 550, 553 (6th Cir. 2003); <u>Browning</u>

v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989) (en banc). The original complaint was filed in this court on July 11, 2005. (Doc. 1.) The text of the complaint alleges that the rape occurred "on or about February of 2003." (Compl. at ¶ 6.) Presumably, the date should read "February of 2004," because Dorsey was not incarcerated until Aug. 19, 2003. Id. at ¶ 5.

Assuming a date of February 2004, the original complaint was timely filed, but the proposed new count against Andrews would be untimely, unless the amendment relates back.[4]

In relevant part, Civil Rule 15(c) provides that an amended complaint may relate back to the original filing date when:

* * * * *

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). All of the factors set forth in Rule 15(c) must be satisfied in order for the amendment to relate back to the original filing. Force v. City of

_____

[4]The proposed amendment was filed April 27, 2006. (Doc. 17.)

18

Memphis, 101 F.3d 702, 1996 WL 665609, at *3 (6th Cir. 1996) (TABLE, text in
WESTLAW) (citing Schiavone v. Fortune, 477 U.S. 21, 29 (1986)); Simmons v.
South Cent. Skyworker's, Inc., 936 F.2d 268, 270 (6th Cir. 1991); Dye v. City of
Warren, 367 F.Supp.2d 1175, 1183 (N.D. Ohio 2005).

*Same conduct.*  Because the amendment names a new party, Rule 15(c)(3)
is the relevant section, but provision (2) must still be satisfied.  Fed. R. Civ. P.
15(c)(3).  There is no question that the allegations against Andrews "arose out of
the conduct . . . attempted to be set forth in the original pleading," that is, the
alleged rape, thus provision (c)(2) is satisfied.

*Notice.*  The next requirement is that Andrews must have received notice
of the action, so that she will not be prejudiced in maintaining a defense on the
merits, within the period provided by Rule 4(m).  Rule 4(m) provides that
service of the summons and complaint must be completed within 120 days from
the original complaint filing date.  Fed. R. Civ. P. 4(m); Stevens v. Taser Int'l,
Inc., No. 2:04cv1044, 2006 WL 143797, at *6 (S.D. Ohio Jan. 19, 2006).  Dorsey
admits that Andrews has not been served, but claims that she has received
constructive notice.  (Doc. 17, at 2-3.)

Dorsey contends that Andrews had constructive notice through the
"shared attorney" method, noting that the Ohio Attorney General has
represented both Wilkinson and Andrews in the past.  Id. at 3.  The shared
attorney theory attributes constructive notice on the basis that "the attorney is
likely to have communicated to the [additional] party that [she] may very well

19

be joined in the action." Id. (quoting Singletary v. Pennsylvania Dept of Corr., 266 F.3d 186, 192 (3d Cir. 2001)).

Dorsey also relies on the "identity of interest" method, wherein "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Id. (quoting Singletary, 266 F.3d at 193). Dorsey contends that "Andrews knew or should have known that she was the more proper party defendant" than Wilkinson. Id. at 5.

Whether either of these theories applies, Andrews can hardly have received constructive notice, through the original complaint alleging state law claims against Wilkinson, that an entirely new Section 1983 cause of action would be forthcoming against Andrews.

Another issue, going to prejudice, is the significant distinction between an official capacity and an individual capacity suit. See, e.g., Lovelace v. O'Hara, 985 F.2d 847, 850 (6th Cir. 1993) (although deputy had general knowledge of suit, prejudiced by amendment naming him in individual capacity). Here, the original complaint named Wilkinson in his official capacity. The proposed amendment alleges Andrews is liable in both her official capacity and in an individual capacity. See doc. 17, "first amended complaint," at ¶ 4. See generally Wells v. Brown, 891 F.2d 591, 592 (6th Cir. 1990) (citing Will v. Michigan Department of State Police, 491 U.S. 58 (1989)) (§ 1983 complaint should set forth clearly when plaintiff is suing state defendants in individual

20

capacity for damages, not simply in capacity as state officials).  In <u>Lovelace</u>, the deputy was found to be improperly prejudiced by an amendment naming him in individual capacity, and the Sixth Circuit reversed.  <u>Lovelace</u>, 985 F.2d at 850-852.  Because the proposed amended complaint names Andrews in an individual capacity, she would be prejudiced by the amendment.

*Mistake.*  The Sixth Circuit has ruled that "new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement."  <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir.), <u>cert. denied</u>, 519 U.S. 821 (1996); <u>Force</u>, 1996 WL 665609, at *4.  In addition, "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties."  <u>Id.</u>  <u>See also</u> <u>Garrett v. Fleming</u>, 362 F.3d 692, 696 (10th Cir. 2004) (citing cases); <u>Jacobsen v. Osborne</u>, 133 F.3d 315 (5th Cir. 1998); <u>Barrow v. Wethersfield Police Dept.</u>, 66 F.3d 466 (2d Cir. 1995), <u>modified by</u>, 74 F.3d 1366 (2d Cir. 1996); <u>Barnes v. Prince George's County</u>, 214 F.R.D. 379, 382 (D.Md. 2003) (near unanimity among circuits).

The "mistake" provision "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification."  <u>Jacobsen</u>, 133 F.3d at 320 (citing <u>Barrow</u>, 66 F.3d at 469).  <u>See also</u> <u>Force</u>, 1996 WL 665609, at *4 (citing cases) (rule allows "correction of misnomers," not addition of new parties).

21

"Mistake" does  not encompass an attorney's mistake in choosing whom to sue.  In <u>Louisiana-Pacific Corp. v. ASARCO, Inc.</u>, the Ninth Circuit upheld the district court's denial of a Rule 15 motion where it found "[t]here was no mistake of identity, but rather a conscious choice of whom to sue." <u>Louisiana-Pacific Corp. v. ASARCO, Inc.</u>, 5 F.3d 431, 434 (9th Cir. 1993).  The trial court had stated that plaintiff "made a mistake in who it determined it ought to sue under the circumstances. The mistake under Rule 15(c) has to be as to identity, and there was no mistake as to the identity of [the party]."  <u>Id.</u> (quoting lower court).  <u>See also</u> <u>Jordan v. County of Los Angeles</u>, 669 F.2d 1311 (9th Cir.), <u>vacated on other grounds by</u>, 459 U.S. 810 (1982) (court should not allow amendment where movant "knows or should have known facts upon which amendment is predicated"); <u>Wells v. HBO & Co.</u>, 813 F.Supp. 1561, 1567 (N.D. Ga. 1992) ("mistake" cannot include decision not to sue party whose identity plaintiff knew from  outset); <u>Minor v. Northville Pub. Sch.</u>, 605 F.Supp. 1185, 1201 (E.D. Mich. 1985) (facts of proposed amended complaint well known to plaintiff at time of original complaint).

### C.  Conclusion regarding relation back

Reviewing the factors required by Rule 15(c)(3), the court finds that the allegations against Andrews arose out of the conduct attempted to be set forth in the original complaint, but that Andrews has not received constructive notice of the action, such that she would not be prejudiced in maintaining a defense on the merits, and further, that adding Andrews as a new party under the

22

provision allowing for "mistake concerning the identity of the proper party" is not permissible.  Dorsey has not satisfied the requirements of Rule 15(c)(3) concerning relation back.   Her proposed Section 1983 claim against Andrews is barred by the statute of limitations.

## III.  SUMMARY

Wilkinson's motion for judgment on the pleadings (doc. 12) is granted, as to a federal (Section 1983) claim against him.  The complaint fails to set forth "allegations sufficient to make out the elements of a right to relief."  The second (state law) count is dismissed without prejudice for lack of jurisdiction.  <u>Gibbs</u>, 383 U.S. at 726.

Dorsey's motion to amend (doc. 17) is denied.  Although leave to amend would be proper under Rule 15(a), Dorsey has not satisfied the requirements of Rule 15(c)(3) concerning relation back.  Thus, the statute of limitations bars her proposed Section 1983 claim against Andrews.


IT IS SO ORDERED.


Dated:   June 2, 2006                              /s/ Kenneth S. McHargh
                                                  Kenneth S. McHargh
                                                  United States Magistrate Judge